Larremore, J.
Several preliminary objections have been raised as to the jurisdiction and validity of this proceeding. . •
The elaborate arguments of the counsel engaged therein, deserve a more careful and extended investigatipn than the present opportunity affords.
The petitioner is in custody, and the exigencies of the case demand an early adjudication of the question involved.
I must content myself, therefore, with a brief statement of the reasons that influence my decision. ■
This proceeding was commenced by the debtor, for ■the purpose of exonerating his person from imprisonment, in pursuance of article 5, chapter 5, title 1, part 3 of the Revised Statutes.
The presentation of the petition and schedule, duly verified as required by section 1 of said article, conferred jurisdiction upon the officer before whom these proceedings were commenced.
The order to show cause, required by section 3 of -said article, was an incident of, but not essential to, such jurisdiction (Soule v. Chase, 1 Abb. Pr. N. S., 48).
By said last mentioned section, said order must require the creditors of the insolvent 1 ‘ to show cause before the said officer at a time and place to be specified in the order, why the prayer' of the petitioner should not be granted.”
The order in question requires the creditors to show cause before Frederick Loew, one of the judges of the court of common pleas in and for the city and ■county of Hew York.
I think this specifies the place of return, and is a •substantial compliance with the statute.
*275 Besides, the opposing creditors were not misled by the notice, but have appeared in answer to it.
The assignment of the insolvent’s estate for the benefit of his creditors, and his discharge from imprisonment, are the relief sought under these proceedings; and to apprize the creditors of that intention on the part of the debtor, was a proper notice to them to show cause why the prayer of the petitioner should not be granted.
Section 5 of article 7 provides (among other causes), that in case of the absence from the county of his residence of any officer before whom these proceedings may have been commenced, they may be continued by any other officer residing in the same county, who might originally have instituted such proceedings, &c. It is not provided in what manner the fact of such absence shall be ascertained,a nor by whom it must be affirmatively shown. I have judicial cognizance of the fact, that the officer before whom these proceedings were commenced, is now absent from the county of his residence, and unless the opposing creditors are prepared to dispute it, I shall regard this fact as established.
It was further urged, that the insolvent having been adjudged a bankrupt, and having made an assignment of his property, in pursuance of the £ ‘ Act to establish a uniform system of bankruptcy throughout the United States,” is precluded from making this application to exonerate his person from imprisonment; that Congress having legislated upon the question of bankruptcy, the insolvent laws of the State, so far as they affect the same subject matter, are suspended.
The authorities cited unquestionably establish the proposition, that the power delegated to Congress to establish uniform laws on the subject of bankruptcies throughout the United States, is exclusive in its exercise, when Congress has legislated upon the subject.
But I. have failed to discover any ground for the *276 theory that the State insolvent laws which provide for cases and remedies other than those mentioned in the bankruptcy act, are thereby suspended.
By that act, the party is discharged from his debts.
This application is made by the insolvent, to be discharged from imprisonment, not from his debts, which are not affected or impaired by such discharge. Upon this subject, Congress has not assumed to legislate, and the State laws in reference thereto are still in force.
The preliminary objections must be overruled.